UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KENNETH WITMER, JOSEPH OLEX,
RALPH WILLIAMSON, EDWARD PFANNES
and RAYMOND OWENS,
on behalf of themselves and a class
of persons similarly situated,                               Case No.

      Plaintiffs,

v.

ACUMENT GLOBAL TECHNOLOGIES, INC.,
a Delaware corporation, PLATINUM EQUITY,
a Delaware corporation, and TEXTRON, INC.,
a Delaware corporation,

      Defendants.
_____/
Roger J. McClow (P27170)
Kimberly A. Saks (P70705)
KLIMIST, McKNIGHT, SALE,
  McCLOW & CANZANO, P.C.                                  **CLASS ACTION**
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117                            **JURY DEMAND**
Southfield, MI 48034
(248) 354-9650

_____/

## COMPLAINT

Plaintiffs Kenneth Witmer, Joseph Olex, Ralph Williamson, Edward Pfannes and Raymond Owens (the "Class Representatives"), on behalf of all persons in the proposed class described in this Complaint, by their attorneys, Klimist, McKnight, Sale, McClow & Canzano, P.C., state their complaint against Defendants as follows:

1.     This action is brought as a class action by the Class Representatives on behalf of themselves and a similarly situated class of retirees and surviving spouses and dependants pursuant

to Rule 23(a) and 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

2. Count I is brought under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and seeks damages for breach of a collective bargaining agreement as well as declaratory and injunctive relief.

3. Count II is brought under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), and seeks to recover benefits due and to clarify rights to benefits due under an employee welfare plan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Count I under Section 301 of the LMRA, 29 U.S.C. §185. This Court has jurisdiction over Count II under Section 502(a)(1)(B), §502(a)(3), §502(e)(1), and §502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), §1132(a)(3), §1132(e)(1), §1132(f), and applicable federal common law. Venue in this judicial district is proper under Section 301 of the LMRA, 29 U.S.C. §185, and §502(e)(2) and §502(f) of ERISA, 29 U.S.C. §1132(e)(2) and §1132(f).

## PARTIES

5. Class Representative Kenneth Witmer resides at 14432 Dunstable Drive, Shelby Township, Michigan. He retired from employment with Ring Screw Division of Ring Screw Works, in 1996, and, while employed, was represented in collective bargaining by the International Union, United Automobile, Agricultural Implement and Aerospace Workers of America and its Local 771 ("UAW").

6. Class Representative Joseph Olex resides at 19414 Webster, Clinton Township, Michigan. He retired from employment with Ring Screw Division of Ring Screw Textron on or before September 1, 2004, and, while employed, was represented in collective bargaining by the UAW.

7. Class Representative Ralph Williamson resides at 41636 Tetley, Sterling Heights, Michigan. He retired from employment with Ring Screw Division of Ring Screw Textron, in 2000 and, while employed, was represented in collective bargaining by the UAW.

8. Class Representative Edward Pfannes resides at 8811 Hamilton East Drive, Sterling Heights, Michigan. He retired from employment with the Ferndale Fasteners Division of Ring Screw Works Textron in 2002 and, while employed, was represented in collective bargaining by the UAW.

9. Class Representative Ray Owens resides at 637 Redwood Drive, Troy, Michigan. He retired from employment with the Ferndale Fasteners Division of Ring Screw Works Textron in 2003 and, while employed, was represented in collective bargaining by the UAW.

10. Defendant Acument Global Technologies ("Acument") is a Delaware corporation with principal offices in Troy, Michigan.

11. Defendant Platinum Equity ("Platinum") is a Delaware Corporation with principal offices in Beverly Hills, California.

12. Defendant Textron, Inc. ("Textron") is a Delaware corporation with principal offices in Providence, Rhode Island and is registered to do business in the State of Michigan.

## CLASS ACTION ALLEGATIONS

13. The Class Representatives Kenneth Witmer, Joseph Olex, Ralph Williamson, Edward Pfannes and Ray Owens bring this class action on behalf of themselves and other similarly situated retired hourly employees of certain divisions of Ring Screw Works who were represented by the UAW in collective bargaining and the spouses, eligible dependents and eligible surviving spouses of those former employees (the "Class"), for vested retiree health care benefits that Defendants are obligated to provide under the terms of collective bargaining agreements and plant closing

3

agreements between the Company and the UAW.

14. The Class consists of the following persons

1) hourly retirees from the Divisions who A) elected early retirement with fifteen (15) years of service at age sixty-two (62) or twenty five (25) years of service at age sixty (60); or B) elected regular retirement with fifteen (15) years of service;

2) hourly retirees from the Divisions who retired or retire under the terms of the Ring Screw Division Memorandum of Understanding and the May 9, 2003 Ferndale Fasteners Plant Closing Agreement Addendum;

3) surviving spouses and dependent children of retirees described in paragraphs 1 and 2 above where the surviving spouse is under 65 years of age and not remarried.

15. The exact number of members of the Class identified in the preceding paragraph is not presently known, but is sufficiently numerous that joinder of individual members in this action is impracticable.

16. There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class. The relief sought is common to the entire Class, as set forth below in Counts I and II of this Complaint.

17. The claims of the Class Representatives are typical of the claims of the Class they represent, in that the claims of all members of the Class, including the Class Representatives, depend upon a showing that the Defendants are obligated to provide them with the same vested retiree health care benefits under Section 301 and ERISA.

18. The Class Representatives are the representative parties for the Class, and are able to, and will, fairly and adequately protect the interests of the Class. There is no conflict between any Class Representative and other members of the Class with respect to this action. The attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature.

19.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding injunctive relief appropriate with respect to the Class as a whole.

20.     This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for the Defendants.

21.     This action is properly maintained as a class action in that the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

## COMMON FACTUAL ALLEGATIONS

22.     Ring Screw Works was founded in Detroit, Michigan in 1929.

23.     Prior to 1998, Ring Screw Works, Inc. owned and operated divisions known as Ring Screw, Ferndale Fasteners, Ring Heat Treat, Steel Processing and Warren Processing ("Divisions").

24.     The UAW is a labor organization as defined in §101(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), with its headquarters and principal office within this judicial district. Prior to their retirement, the UAW represented the retiree Class Representatives and retiree members of the Class in negotiating a series of collective bargaining agreements and certain plant closing agreements with the Company.

25.     Prior to 1998, Ring Screw Works, Inc. and the UAW negotiated separate collective bargaining agreements for Division which contained nearly identical language conferring life insurance and health care benefits on retirees and health insurance benefits on surviving spouses of

retirees to age 65.

26. In 1998, Defendant Textron purchased the Divisions from Ring Screw Works, and operated the Divisions under the name of Ring Screw Textron, Inc. and/or Textron Fastening Systems Automotive.

27. As part of the purchase of the Divisions, Textron assumed the obligation of providing hourly retirees, including Class Representative Ken Witmer, with retiree health care benefits.

28. After 1998, Textron negotiated separated collective bargaining agreements for the Divisions with the UAW.

29. In 2001, Textron closed the Steel Processing and Warren Processing Divisions.

30. In 2003, Textron closed the Ferndale Fastener Division.

31. In 2004, Textron closed the Ring Screw Division.

32. In 2005, Textron closed the Ring Heat Treat Division.

33. In 2006, Defendant Platinum Equity acquired the Fasteners Systems business from Textron including the obligations of Textron under the collective bargaining agreements between the closed Divisions and the UAW.

34. In 2006, Platinum Equity established Defendant Acument Global Technologies to operate the Fastener Systems business.

35. Since 2006, Acument has provided health care benefits to the Class Representatives and to hourly retirees of the Divisions and their eligible surviving spouses.

## COUNT I

### VIOLATION OF COLLECTIVE BARGAINING AGREEMENT
### SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT

36. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 as though

6

fully set forth in this Count I.

37. At all relevant times, the UAW was the collective bargaining representative of the hourly production and maintenance employees at the Divisions of Ring Screw Works and/or Ring Screw Textron.

38. The UAW and Ring Screw Works and, after 1998 Textron, were signatories to a series of collective bargaining agreements and/or plant closing agreements covering bargaining unit employees at the Divisions which require Defendants to provide vested lifetime life insurance, Medicare Part B reimbursement and health care benefits to Class Representatives and retiree members of the Class, and to provide surviving spouses of retirees with health care benefits until age 65 or remarriage, at the levels set forth in the collective bargaining agreements.

39. Following the closing of each Division and the termination of collective bargaining agreements, Textron and Acument continued to provide the Class Representatives and Class members with fully paid retiree health care coverage.

40. By letter dated October 11, 2007, Acument informed the Class Representatives and the retirees over the age 65 that it intended to change its health care benefits plan for those retirees over age 65 to a "Medicare Advantage Plan" sponsored by Aetna.

41. On or about October 2007, Acument informed the Class Representatives and Class Members under the age of 65 that it intended to reduce their health care benefits by, inter alia,: 1) instituting deductibles and co insurance amounts for network services; 2) increasing the deductibles, co insurance amounts and out of pocket limits for out of network services; 3) increasing co pays for office visits, chiropractic treatments and prescription drugs.

42. Effective January 1, 2008, Acument implemented the announced changes to the retiree health care plan.

43. By letters dated May 23, 2008, Acument informed Class members that it would terminate retiree life insurance and health care benefits effective July 1, 2008.

44. Acument stopped paying the Medicare Part B premium reimbursement benefit to retiree Class Members with the July 2008 pension check.

45. Acument's unilateral changes to the health care benefit plans effective January 1, 2008 and its termination and/or announced termination of retiree life insurance, Medicare Part B premium reimbursement and health care benefit plans effective July 1, 2008 constitute breaches of the Defendants' contractual obligation to provide vested retiree benefits to the Class.

46. Defendants' violation of its contractual obligations to the Class Representatives and Class members to provide vested lifetime retiree benefits has caused and will cause Class members to suffer economic damages.

WHEREFORE, Plaintiffs respectfully pray that this court enter:

A. A declaratory judgment that Defendants are contractually obligated to provide retiree members of the Class and their eligible dependents with the negotiated life insurance, Medicare Part B premium reimbursement and health care benefits for the lives of the retirees and, in the case of surviving spouses and their eligible dependents, health care benefits until age 65 or remarriage.

B. Preliminary injunctive relief restoring the pre-January 1, 2008 status quo during the pendency of this litigation and permanent injunctive relief requiring Defendants to maintain the negotiated life insurance, Medicare Part B premium reimbursement and health care benefits for retiree members of the Class and their eligible dependents for the duration of the lives of the retirees and, in the case of surviving spouses and their eligible dependents, health care benefits until age 65 or remarriage.

C. Judgement in an amount of damages incurred as a result of Defendants' breaches of their

contractual obligations, including, but not limited to:

 (1) Payments for health care premiums, deductibles and co-payments made by members of the Class and their eligible dependents to maintain or purchase health care insurance and prescription drug benefits;

 (2) Payments made and money owed by members of the Class and their eligible dependents for health care services and prescription drugs that would have been paid for under the contractual health care plan;

 (3) Losses incurred by retiree Class Members as a result of termination of the contractual life insurance benefit;

 (4) An amount equal to the Medicare Part B premium for each month the Medicare Part B premium reimbursement benefit is not made.

D. Reasonable attorney fees and costs of this lawsuit.

F. Such further relief, including prejudgment interest, as may be deemed necessary and proper.

## COUNT II

## VIOLATION OF EMPLOYEE WELFARE BENEFIT PLAN SECTION 502 OF ERISA

47. Plaintiffs reallege and incorporate by reference paragraphs 1 through 46 as though fully set forth herein.

48. The life insurance, Medicare Part B premium reimbursement and health care benefit plans maintained by Defendants pursuant to the collective bargaining and plant closing agreements are "employee welfare benefit plans" within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

49. Defendants are or were at relevant times the "plan sponsor" and/or "administrator" of the employee welfare benefit plans, within the meaning of Section 3(16)(A)-(B) of ERISA, 29 U.S.C. § 1002(16)(A)-(B).

9

50. The Class Representatives and Class Members are "participants" in the employee welfare benefit plans, within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

51. The terms of the employee welfare benefit plans require that Defendants provide vested lifetime retiree life insurance, Medical Part B premium reimbursement and health care benefits at the levels described in the collective bargaining agreements.

52. Acument's changes to and the threatened termination of the life insurance, Medicare Part B premium reimbursement and health care benefits covering Class Members is a breach of Defendants' obligations under those benefit plan.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

A. A declaratory judgment that Defendants are obligated under the collectively bargained welfare benefit plans to provide retiree members of the Class and their eligible dependents with the negotiated life insurance, Medicare Part B premium reimbursement and health care benefits for the lives of the retirees and, in the case of surviving spouses and their eligible dependents, health care benefits until age 65 or remarriage.

B. Preliminary injunctive relief restoring the pre-January 1, 2008 status quo during the pendency of this litigation and permanent injunctive relief requiring Defendants to maintain the negotiated life insurance, Medicare Part B premium reimbursement and health care benefits for retiree members of the Class and their eligible dependents for the duration of the lives of the retirees and, in the case of surviving spouses and their eligible dependents, health care benefits until age 65 or remarriage.

C. Judgement in an amount of benefits due under the welfare benefit plans and damages incurred as a result of Defendants' breaches of their obligations under those plans, including, but not limited to:

    (1)    Payments for health care premiums, deductibles and co-payments made by members of the Class and their eligible dependents to maintain or purchase health care insurance and prescription drug benefits;

    (2)    Payments made and money owed by members of the Class and their eligible dependents for health care services and prescription drugs that would have been paid for under the contractual health care plan;

    (3)    Losses incurred by retiree Class Members as a result of termination of the contractual life insurance benefit;

    (4)    An amount equal to the Medicare Part B premium for each month the Medicare Part B premium reimbursement benefit is not made.

D. Reasonable attorney fees and costs of this lawsuit.

F. Such further relief, including prejudgment interest, as may be deemed necessary and proper.

                                Respectfully submitted,

                                KLIMIST, McKNIGHT, SALE,
                                McCLOW & CANZANO, P.C.

                                By: /s/ Roger J. McClow
                                   ROGER J. McCLOW (P27170)
                                   KIMBERLY A. SAKS (P70705)
                                   Attorneys for Plaintiffs
                                   400 Galleria Officentre, Suite 117
                                   Southfield, MI  48034
                                   (248) 354-9650
                                   rmcclow@kmsmc.com
                                   ksaks@kmsmc.com

Dated:  June 30, 2008

P:\UAW\International\Textron\Pleadings\complaint mcclow draft.wpd

## JURY DEMAND

Plaintiffs demand a jury trial on their legal claims for breach of contract, declaratory judgment and damages.

>Respectfully submitted,
>
>KLIMIST, McKNIGHT, SALE,
>McCLOW & CANZANO, P.C.
>
>By: /s/ Roger J. McClow
>   ROGER J. McCLOW (P27170)
>   KIMBERLY A. SAKS (P70705)
>   Attorneys for Plaintiffs
>   400 Galleria Officentre, Suite 117
>   Southfield, MI  48034
>   (248) 354-9650
>   rmcclow@kmsmc.com
>   ksaks@kmsmc.com

Dated:  June 30, 2008

P:\UAW\International\Textron\Pleadings\complaint mcclow draft.wpd