## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**KENNETH WITMER, JOSEPH OLEX,**
**RALPH WILLIAMSON, EDWARD PFANNES**
**and RAYMOND OWENS,** on behalf of
themselves and a class of persons
similarly situated,

                         *Plaintiffs*,          Case No.: 2:08-cv-12795-PJD-PJK

**v.**                                  Hon.:  Patrick J. Duggan

**ACUMENT GLOBAL TECHNOLOGIES, INC.,**
a Delaware corporation, **PLATINUM EQUITY,**
a Delaware corporation, and **TEXTRON, INC.,**
a Delaware corporation,

                         *Defendants*.

_____/

| | |
|---|---|
| **VAN SUILICHEM & ASSOCIATES, P.C.** | **KLIMIST, McKNIGHT, SALE, McCLOW &** |
| **By:  Donald A. Van Suilichem (P25632)** | **CANZANO, P.C.** |
| **and Kelly A. Van Suilichem (P69902)** | **By:  Roger J. McClow (P27170)** |
| Attorneys for Defendants | **and Kimberly A. Saks (P70705)** |
| 40900 Woodward Avenue, Suite 105 | Attorneys for Plaintiffs |
| Bloomfield Hills, MI  48304 | 400 Galleria Officentre, Suite 117 |
| Tel:  (248) 644-2419 | Southfield, MI  48034 |
| Fax:  (248) 644-3963 | Tel:  (248) 354-9650 |
| dvslawyer@vansemploymentlaw.com | Fax:  (248) 354-9656 |
| kellyavan@aol.com | rmcclow@kmsmc.com |
| | ksaks@kmsmc.com |

_____/

## STIPULATED PROTECTIVE ORDER

      At a session of the Court held in the United States District Court,
State of Michigan, on March 2, 2009.

      PRESENT:  HON. PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

1.     Plaintiffs have requested Defendants to produce documents relating to the sale of Textron Fastening Systems Inc. and Ring Screw Works by Textron Inc. in 2006. Defendants are willing to produce the designated documents which they believe contain trade secrets and confidential personal or business information provided such documents are subject to a Confidentiality Order of this Court.

2.     Defendants have designated as "Confidential" Document Control Numbers ("DCN") 003262-005368 and have stamped the documents as "Confidential Subject To Protective Order".   All information obtained from the documents so designated ("Produced Pursuant to Protective Order") shall, subject to the provisions hereof, be used by the Party receiving it only in connection with this litigation.  Material designated in this fashion shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

3.     All materials produced pursuant to this Protective Order shall be so designated by stamping the legend at the time of its production.  Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable.  In the event that a Party receiving documents designated as Confidential Produced Pursuant to Protective Order disagrees with such a designation as to one or more documents, and in the event that the Party producing the disputed document(s) declines an informal request to voluntarily remove the Confidential and protective designation from the disputed document(s), the receiving Party shall have a right to seek an Order from the Court, pursuant to noticed Motion, voiding the designation in whole or in part.  However, until such a time as a Court rules

that a particular document or set of documents designated as Confidential Produced Pursuant to Protective Order are not subject to protection, the Parties will continue to treat any such designated documents as confidential and protected under this Order.

4.    Material which is Produced Confidential Pursuant to Protective Order, copies thereof, and the information contained therein shall be made available only to and inspected only by:

(a)    The Parties;

(b)    Counsel for the Parties in this action and their employees who are working on this litigation;

(c)    The Court in this action;

(d)    Court reporters at proceedings in this action;

(e)    Expert witnesses and consultants who are directly employed or retained in connection with this litigation (hereinafter referred to collectively as "experts"), to the extent that such disclosure is necessary for the preparation of this case for trial or appeal, if any;

(f)    Non-party witnesses identified by the Parties on their Witness Lists who have direct testimony relating to the document.  If any additional non-party witnesses are to be shown the documents who have not been identified, notice shall be provided to the opposing counsel before disclosure is made;

(g)    In Case Evaluation which are provided only to the participants; and

(h)    To any additional persons as directed by the Court.

5.    All persons (other than persons described in paragraphs 4(a)-(e) and (g)-(h) above) to whom disclosure of confidential information or material is made pursuant to paragraph 4 above, shall, prior to such disclosure, be informed of the contents of this

Order and shall execute an agreement in the form of the Confidentiality Agreement attached hereto as **Exhibit "A"**.  Each person shall agree, and shall be bound by this Order, not to disclose such material to anyone else except as permitted herein, and not to use it for any purpose other than trial preparation, trial or appeal of this action.

6.     Material which is produced pursuant to this Protective Order, including all copies, extracts, and summaries thereof and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action pursuant to paragraph 4 above.

7.     In any deposition where a document is produced pursuant to this Protective Order and is discussed with a witness, the Parties will treat the exhibit and the relevant portions of the deposition transcript consistent with the confidentiality requirements set forth herein.

8.     At the conclusion of this action, all material marked Confidential Produced Pursuant to Protective Order (including all copies, extracts, and summaries hereof and all documents containing information taken therefrom) shall be returned to counsel for the producing Party no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of the present action.  Counsel may mutually agree to extend the thirty (30) day period.

9.     In order to permit discovery to proceed without further delay, the Parties agree that this Stipulated Protective Order shall be effective from the date on which it is executed by counsel for the Parties and shall apply and be enforceable from that date

forward with respect to all discovery in this matter, including materials produced at any

time after commencement of this case.

**IT IS SO ORDERED.**

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: March 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 2, 2009,by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

Stipulated and Agreed to:


**VAN SUILICHEM & ASSOCIATES, P.C.**

**KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C.**


By:   s/Donald A. Van Suilichem
    **Donald A. Van Suilichem (P25632)
and Kelly A. Van Suilichem (P69902)**
Attorneys for Defendants
40900 Woodward Avenue
Suite 105
Bloomfield Hills, MI  48304
Telephone:  (248) 644-2419
Fax:  (248) 644-3963
dvslawyer@dvsemploymentlaw.com
kellyavan@aol.com


By:   s/Roger J. McClow (w/consent)
    **Roger J. McClow (P27170)
and Kimberly A. Saks (P70705)**
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
Tel:  (248) 354-9650
Fax:  (248) 354-9656
rmcclow@kmsmc.com
ksaks@kmsmc.com


Dated:  March 2, 2009

Dated:  March 2, 2009

<u>**EXHIBIT "A"**</u>

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

**KENNETH WITMER, JOSEPH OLEX,
RALPH WILLIAMSON, EDWARD PFANNES
and RAYMOND OWENS,** on behalf of
themselves and a class of persons
similarly situated,

               *Plaintiffs*,           Case No.: 2:08-cv-12795-PJD-PJK
**v.**                               Hon.:  Patrick J. Duggan

**ACUMENT GLOBAL TECHNOLOGIES, INC.,**
a Delaware corporation, **PLATINUM EQUITY,**
a Delaware corporation, and **TEXTRON, INC.,**
a Delaware corporation,

               *Defendants*.

_____/

<u>**CONFIDENTIALITY AGREEMENT**</u>

      The undersigned having read and understood the Protective Order governing the restricted use of documents, things, and information obtained from the Parties in the above-captioned matter hereby agree to be bound by the terms thereof.

                               _____

Dated this _____ day of _____, 2009.