UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WITMER, JOSEPH OLEX,
RALPH WILLIAMSON, EDWARD
PFANNES, and RAYMOND OWENS, on
behalf of themselves and a class of persons       Case No. 08-12795
similarly situated,

          Plaintiffs,                            Honorable Patrick J. Duggan

v.

ACUMENT GLOBAL TECHNOLOGIES,
INC., a Delaware corporation, PLATINUM
EQUITY, a Delaware corporation, and
TEXTRON, INC., a Delaware corporation,

          Defendants.
                                      /

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 17, 2010.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Plaintiffs Kenneth Witmer, Joseph Olex, Ralph Williamson, Edward Pfannes, and Raymond Owens filed this suit against Acument Global Technologies, Inc. ("Acument"), Platinum Equity, and Textron, Inc. on June 30, 2008, alleging claims under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Presently before the Court is Defendants' Motion to Strike Plaintiffs' Jury Demand. The

matter has been fully briefed, and the Court heard oral arguments on October 7, 2010. For the reasons stated below, the Court grants Defendants' Motion.

## I. Factual and Procedural Background

The named Plaintiffs in this case are former hourly employees of Acument or its predecessors, Platinum Equity and Textron, Inc. These employees retired under a series of collective bargaining agreements that included provisions for medical coverage and life insurance. In January 2008, Acument reduced health care benefits for retirees and their surviving spouses. In May 2008, Acument announced its intent to terminate retiree health care and life insurance benefits effective October 31, 2008. The named Plaintiffs filed this action on June 30, 2008, seeking damages, declaratory relief, and reinstatement of benefits to pre-2008 levels. On January 26, 2009, this Court entered an Order certifying a plaintiff class of 64 retirees, surviving spouses, and dependent children.

On July 16, 2010, Defendants filed a Motion to Strike Plaintiffs' Jury Demand. Defendants argue that Plaintiffs primarily seek reinstatement of their health care and life insurance benefits. Because this relief is essentially equitable, Defendants conclude that Plaintiffs are not entitled to a jury trial under the Seventh Amendment. Though Plaintiffs also seek money damages, Defendants assert that this relief is merely incidental to and intertwined with the equitable relief, and is therefore itself equitable in nature.

On July 30, 2010, Plaintiffs notified Defendants that they have abandoned their claims for preliminary and permanent injunctive relief. They now seek (1) a declaratory judgment concerning their rights under the various collective bargaining agreements and (2) damages to compensate them for Defendants' contract violations. Plaintiffs have

reserved the right to seek injunctive relief in a subsequent action if Defendants fail to comply with the contractual obligations established by any declaratory judgment. Plaintiffs contend that they are entitled to a jury trial under the Seventh Amendment, as they now seek only legal relief.

## II. Governing Law

The Seventh Amendment to the United States Constitution provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

The right to a jury trial extends beyond actions recognized in 1791, and includes causes of action created by Congress where legal rights are to be determined. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65, 110 S. Ct. 1339, 1344 (1990). The Supreme Court has "carefully preserved the right to trial by jury where legal rights are at stake." *Id.* at 565, 110 S. Ct. at 1344. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id.*, 110 S. Ct. at 1344-45.

To determine whether a statutory action implicates legal rights, courts first compare the action to eighteenth century actions brought in English courts, and second, classify the remedy sought as either legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417-18, 107 S. Ct. 1831, 1835 (1987). The nature of the remedy is the more important of these two inquiries. *Terry*, 494 U.S. at 565, 110 S. Ct. at 1344-45.

3

### III. Discussion

It is well-settled that there is no right to a jury trial under Section 502 of ERISA. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 n.11 (6th Cir. 1996); *Bair v. Gen. Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir. 1990). Thus, only Plaintiffs' LMRA claim could allow them the right to a jury trial. The Court applies the two-part *Tull* test, noting that a claim under Section 301 of the LMRA is "comparable to a breach of contract claim - a legal issue." *Golden*, 73 F.3d at 659 (quoting *Terry*, 494 U.S. at 570 n. 7, 110 S. Ct. at 1347). The right to a jury trial in Section 301 actions is "generally preserved." *Id.*

Plaintiffs, however, seek only equitable remedies. They filed this action to obtain reinstatement of their benefits at prior levels, relief that is indisputably equitable in nature. Compl. ¶ 52. Although Plaintiffs seek damages, an award of damages is equitable where it is "incidental to or intertwined with" equitable relief. *Terry*, 494 U.S. at 571, 110 S. Ct. at 1348. The Sixth Circuit has held in similar cases that damages for increased health care premium payments are incidental to requests for fully-funded benefits, because such damages are "necessary to afford complete relief." *Golden*, 73 F.3d at 661; *see also Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 883 (6th Cir. 1997). Plaintiffs seek damages incidental to the reinstatement of benefits. Abandonment of their request for injunctive relief cannot transform a fundamentally equitable claim into a legal claim. *See Robinson v. Brown*, 320 F.2d 503, 505 (6th Cir. 1963) (holding that a change in the complaint's prayer for relief "did not . . . convert an equity case into an action at law."). The declaratory relief sought here is also equitable in nature. "Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues." *Golden*, 73

F.3d at 661. Plaintiffs essentially seek a declaration that they are entitled to reinstated health care benefits for life; their underlying claim is equitable. The addition of a claim for declaratory relief does not entitle a party to a jury trial where the right does not otherwise exist. *Id.* at 662. Thus, while Plaintiffs use language associated with relief in the courts of law, they actually seek relief in equity. Plaintiffs therefore do not enjoy the right to a jury trial under the Seventh Amendment.

Plaintiffs assert that *Golden* and *Bittinger* have been implicitly overruled by the Supreme Court's decision in *Great-West Life & Annuity Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002). The Sixth Circuit, however, has rejected this argument, concluding that even after *Knudson*, "*Golden* and *Bittinger* remain the law of this circuit." *Reese v. CNH America, LLC*, 574 F.3d 315, 327 (6th Cir. 2009). Under *Golden* and *Bittinger*, the relief sought by Plaintiffs is equitable. Because the nature of the relief is the more important inquiry of the two-part *Tull* test, *see Terry*, 494 U.S. at 565, 110 S. Ct. at 1344-45, the Court concludes that the Seventh Amendment does not entitle Plaintiffs to a jury trial.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiffs' Jury Demand is **GRANTED.**

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:

John R. Canzano, Esq.
Roger J. McClow, Esq.
Donald A. Van Suilichem, Esq.
Kelly A. Van Suilichem, Esq.